UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>            Plaintiff,<br><br>    v.<br><br>PHILLIPPE TIMMERMAS, RONA SIEGERT, CHRIS JOHNSON, SAMUEL PIERSON, CRAIG KELLER, and PATRICK JONES,<br><br>            Defendants. | Case No. 1:21-cv-00242-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Maximiliano Sileoni filed a prisoner civil rights action and a request to proceed in forma pauperis on June 5, 2021. Dkts. 3, 1. Because of Plaintiff's status as a prisoner requesting authorization to proceed in forma pauperis, the Court must review the Complaint to determine whether it states a claim upon which he can proceed. *See* 28 U.S.C. §§ 1915 and 1915A.

To address the growing trend of frivolous civil rights actions filed by prison inmates, the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), introduced a "three strikes" provision, which precludes a prisoner from filing lawsuits or appeals in forma pauperis if he has previously filed three other actions in federal court that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(g).

The only exception is that a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

injury." *Id*. If he is not in such danger, then he must pay the $402 filing fee at the time of filing.

Plaintiff's case history shows that, prior to the date he filed the Complaint in this action (June 5, 2021—mailbox rule), he brought three civil actions that were dismissed for failure to state a claim or frivolousness. As a result, he is subject to the three strikes rule under 28 U.S.C. § 1915(g).

Plaintiff's prior cases that fit within the § 1915(g) prohibition are as follows:

1) Case No. 20-cv-00500-DCN, *Sileoni v. State of Idaho*, was dismissed as frivolous on December 7, 2020. Dkt. 7. The appeal from dismissal was also determined to be frivolous (not counted separately here because the finding (October 14, 2021) was after the date Plaintiff filed the present suit). Dkt. 15.

2) Case No. 20-cv-00501-BLW, *Sileoni v. ISCI Paralegal*, was dismissed for failure to state a claim on April 20, 2021. Dkt. 9.

3) Case No. 20-cv-00502-DCN, *Sileoni v. Thomson*, was dismissed for failure to state a claim on June 3, 2021. Dkt. 18.

4) Case No. 20-cv-00508-BLW, *Sileoni v. IDOC Staff*, was dismissed as frivolous on January 1, 2021. Dkt. 15.

In the present action, Plaintiff complains that prison officials have denied him a circumcision. He asserts entitlement to a circumcision on religious grounds. Though not an issue in the initial review stage of proceedings, the sincerity of Plaintiff's religious basis for his request may be questioned upon the following information gleaned from Plaintiff's prior lawsuits and court filings:

In Case No. 1:20-cv-00508-BLW, *Sileoni v. IDOC Staff and P.C. Prisoners*, Judge Winmill determined that Plaintiff's sexually-based claims were frivolous, given that he asserted 36 different prison employees and medical staff were engaging in sexual behavior

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

with Plaintiff. Part of the basis for the decision in that case was the following from Plaintiff's filings:

> Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), incarcerated at Idaho Maximum Security Institution (IMSI). He self-reports that he has been diagnosed with depression, manic bipolar disorder, anxiety, schizophrenia, psychosis, obsessive compulsive disorder, and, especially relevant here, exhibitionist disorder. He complains that he is constantly demeaned and harassed by prison and medical professionals because he is Hispanic, a sex offender, and a sufferer of exhibitionist disorder.
>
> For background purposes only and not for the purpose of screening Plaintiff's mental health treatment claims (which are being severed into a different lawsuit), the Court includes the following allegations about Plaintiff's mental health treatment. Dr. Khatain, the prison psychiatrist, allegedly failed to treat Plaintiff for exhibitionist symptoms and prescribed medications that did not help him. Plaintiff asserts he was wrongfully confined instead of treated for exhibitionist disorder. Dr. Khatain allegedly:
>
>> failed "to train correctional staff to deal with him due to his mental illness of being sexually attracted to older woman's, that cause me to exhibit myself to them because in my mind I believe that they would get with me, in a sexual encounter and give me love and show me compassion and care for my body like a mother would to her newborn child."

Dkt. 3, p. 21 (verbatim) in Case No. 508. Plaintiff similarly asserts that he has an exhibitionist disorder in Case No. 21-cv-000009-BLW. *See* Complaint, Dkt. 1, in Case 009.

In addition, in Case No. 1:21-cv-00409-BLW, *Carr v. Tewalt*, Plaintiff wrote an affidavit in which he stated:

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

> [W]hile in the hole [segregation] (A-block) at ISCC, June/July 2019 with [prisoner Jody] Carr our Unit Sgt. Borg, a beautiful woman that knew I liked her told me we would have some alone time and just one on one if I would say the papers Carr and I were fighing [sic] said he wanted me to lie about this dude named Davis that, I did not lie about Carr, but she asked to see my penis, I showed it to her and she wrote me up for it.
>
> I have a large penis and female staff tell each other and some ask me to see it I show them and if they think someone will tell on them for it, they write me DORs.

Dkt. 5-5, p. 3, in Case 409. In yet another action, Plaintiff asserts that 88 different prison employees wrongfully wrote him up for displaying his penis to them. Case No. 22-cv-130-DCN, *Sileoni v. Hammon*, Dkt. 2.

At this point, there is no imminent danger of serious physical injury evident in the allegations contained in Plaintiff's new lawsuit, and it appears subject to dismissal unless Plaintiff comes forward to pay the filing fee of $402 to proceed. If he does not, this case will be dismissed without prejudice.

## ORDER

**IT IS ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED. Plaintiff must pay the filing fee in full within 30 days or show cause why his case should not be dismissed under the three strikes rule.

DATED: May 5, 2022

David C. Nye
Chief U.S. District Court Judge